omission is a breach; (B) if, by his failure to comply with section 404(a)(1), 29 U.S.C. §1104(a)(1), in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (C) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach."

72.  Plaintiff therefore bring this action under the authority of ERISA §502 for Plan-wide relief pursuant to ERISA § 409(a) to recover losses sustained by the Plan arising out of the breaches of fiduciary duties by the defendants.

## CAUSATION

73.  The Plan suffered at least millions of dollars in losses because substantial assets of the Plan were imprudently allowed to be put at great risk by defendants through Plan investment in MFS Funds during the Class Period, in breach of defendants' fiduciary duties. This loss is reflected in the diminished account balances of the Plan's participants.

74.  Defendants are responsible for losses caused by participant direction of investment in MFS Funds, because defendants failed to take the necessary and required steps to ensure effective and informed independent participant control over the investment decision-making process, as required by ERISA § 404(c), 29 U.S.C. § 1104(c), and the regulations promulgated thereunder. Defendants concealed material, non-public facts from participants, and provided misleading, inaccurate, and incomplete information to them regarding the nature of MFS's illicit activities and the true underlying values of the MFS Funds, misrepresenting their soundness as investment vehicles. As a consequence, participants did not exercise independent control over their investments in MFS Funds, and defendants remain liable under ERISA for losses caused by such investment.

75. Had the defendants properly discharged their fiduciary and/or co-fiduciary duties, including the provision of full and accurate disclosure of material facts concerning investment in MFS Funds, eliminating these investment alternatives when they became imprudent and divesting the Plan from any then-existing investments in these investment alternatives when maintaining such investments became imprudent, the Plan would have avoided a substantial portion, if not all, of the losses that it suffered through such continued tainted investments.

## COUNT I

### Failure to Prudently and Loyally Manage Plan Assets
### (Breaches of Fiduciary Duties in Violation of ERISA § 404)

76. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

77. At all relevant times, as alleged above, the defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

78. As alleged above the defendants were all responsible, in different ways and to differing extents, for the selection, maintenance, and monitoring of the Plan's investment options, including the option of MFS Funds.

79. Under ERISA, fiduciaries who exercise discretionary authority or control over management of a plan or disposition of a plan's assets are responsible for ensuring that investment options made available to participants under a plan are prudent. Furthermore, such fiduciaries are responsible for ensuring that assets within the plan are prudently invested. The defendants were responsible for ensuring that all investments in MFS Funds in the Plan were prudent, and are liable for losses incurred as a result of such investments being imprudent.

80. Moreover, a fiduciary's duty of loyalty and prudence require it to disregard plan documents or directives that it knows or reasonably should know would lead to an imprudent result or would otherwise harm plan participants or beneficiaries. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D). Thus, a fiduciary may not blindly follow plan documents or directives that would lead to an imprudent result or that would harm plan participants or beneficiaries, nor allow others, including those whom they direct or who are directed by the plan (e.g. plan trustees) to do so.

81. The defendants breached their duties to prudently and loyally manage the Plan's assets. During the Class Period these defendants knew or should have known that MFS Funds were not a suitable and appropriate investment for the Plan as described herein. Nonetheless, during the Class Period, these fiduciaries continued to offer MFS Funds as an investment options for the Plan and to direct and approve Plan investment in MFS Funds, instead of cash or other investments. Moreover, during the Class Period, despite their knowledge of the imprudence of the investment, defendants failed to take adequate steps to prevent the Plan, and indirectly the Plan participants and beneficiaries, from suffering losses as a result of the Plan's investments in MFS Funds.

82. The fiduciary duty of loyalty also entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with single-minded devotion to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

83. The defendants also breached their co-fiduciary obligations by, among other failures, knowingly participating in, making no effort to remedy, and/or knowingly undertaking

to conceal, their fellow defendants' failure to prudently and loyally manage Plan assets in the exercise of their discretion with respect to offering MFS Funds as investment options in the Plan despite knowing that such failures were breaches of their ERISA-mandated fiduciary duties.

84. Defendants named in this Count were unjustly enriched by the fiduciary breaches described in this Count.

85. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan (and indirectly the plaintiff and the Plan's other participants and beneficiaries) lost a significant portion of the value of its investments.

86. Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a) and ERISA § 409, 29 U.S.C. § 1109(a), defendants in this Count are liable to restore the losses to the Plan caused by their breaches of fiduciary duties alleged in this Count.

WHEREFORE, plaintiff prays for relief as set forth below.

## COUNT II

### Failure to Monitor the Retirement Committee and Provide It With Accurate Information
### (Breaches of Fiduciary Duties in Violation of ERISA § 404 by MFS)

87. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

88. At all relevant times, as alleged above, defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

89. At all relevant times, as alleged above, the scope of the fiduciary responsibility of MFS included the responsibility to monitor other fiduciaries.

90. The duty to monitor entails both giving information to and reviewing the actions

of the monitored fiduciaries, including at least the Retirement Committee and/or employee fiduciary delegates of the Retirement Committee. In this case, that meant that the monitoring fiduciaries, including MFS, have the duty to:

(1) Ensure that the Retirement Committee possesses the needed credentials and experience, or uses qualified advisors and service providers to fulfill its duties. It must be knowledgeable about the operations of the Plan, the goals of the Plans, and the behavior of Plan participants;

(2) Ensure that the Retirement Committee is provided with adequate financial resources to do its job;

(3) Ensure that the Retirement Committee has adequate information to do its job of overseeing the Plan investments;

(4) Ensure that the Retirement Committee has ready access to outside, impartial advisors when needed;

(5) Ensure that the Retirement Committee maintains adequate records of the information on which it bases its decisions and analysis with respect to Plan investment options; and

(6) Ensure that the Retirement Committee reported regularly to the Company. The Company must have then reviewed, understood, and approved the conduct of the hands-on fiduciaries.

91. Under ERISA, a monitoring fiduciary must ensure that the monitored fiduciaries are performing their fiduciary obligations, including those with respect to the investment of plan assets, and must take prompt and effective action to protect the plan and participants when they

are not. In addition, a monitoring fiduciary must provide the monitored fiduciaries with complete and accurate information in their possession that they know or reasonably should know that the monitored fiduciaries must have in order to prudently manage the plan and the plan assets.

92. MFS breached its fiduciary monitoring duties by, among other things, (a) failing to ensure that the monitored fiduciaries had access to knowledge about the Company's illegal timing activities alleged above, which made the MFS Funds imprudent retirement investments, and (b) failing to ensure that the monitored fiduciaries appreciated the huge risk of significant investment by rank and file employees in undiversified mutual fund alternative investments provided by the Company. MFS knew or should have known that the fiduciaries they were responsible for monitoring were imprudently allowing the Plan to continue offering shares of the MFS Funds as Plan investments, and continuing to invest Plan assets in the MFS Funds when it no longer was prudent to do so, yet failed to take action to protect the participants from the consequences of these fiduciaries' failures.

93. In addition, as a result of its inappropriate practices and implicit knowledge thereof, MFS, in connection with its monitoring and oversight duties, was required to disclose to the individual defendants accurate information about the financial condition and practices of MFS that they knew or should have known that these defendants needed to make sufficiently informed decisions. By remaining silent and continuing to conceal such information from the other fiduciaries, these defendants breached their monitoring duties under the Plan and ERISA.

94. MFS is liable as a co-fiduciary because: (1) it knowingly participated in the fiduciary breaches by its fellow defendant-fiduciaries in the activities implicated in this Count;

(2) it enabled the breaches by these defendants; and (3) by having knowledge of these breaches yet not making any effort to remedy them.

95. Defendants in this Count were unjustly enriched by the fiduciary breaches described in this Count.

96. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan and indirectly plaintiff (and the Plan's other participants and beneficiaries) lost a significant portion of the value of its investments.

97. Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a) and ERISA § 409, 29 U.S.C. § 1109(a), defendants in this Count are liable to restore the losses to the Plan caused by their breaches of fiduciary duties alleged in this Count.

**WHEREFORE**, plaintiff prays for relief as set forth below.

## COUNT III

### Failure to Provide Complete and Accurate Information to Plan Participants and Beneficiaries
### (Breaches of Fiduciary Duties in Violation of ERISA §§ 404 and 405 of ERISA)

98. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

99. At all relevant times, as alleged above, defendants were fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C.§ 1002(21)(A).

100. At all relevant times, the scope of the fiduciary responsibility of the defendants included Plan communications to Plan participants and beneficiaries.

101. The duty of loyalty under ERISA requires fiduciaries to speak truthfully to participants, not to mislead them regarding the plan or plan assets, and to disclose information

that participants need in order to exercise their rights and interests under the plan. This duty to inform participants includes an obligation to provide participants and beneficiaries of the Plan with complete and accurate information, and to refrain from providing false information or concealing material information regarding Plan investment options such that participants can make informed decisions with regard to investment options available under the Plan. This duty applied to all Plan investment options presented by the Company during the Class Period, including investment in MFS Funds.

102. The defendants breached their duty to inform participants by failing to provide complete and accurate information regarding investment in shares of the MFS Funds, MFS's improper timing activities, and the consequent artificial dilution of shares of the MFS Funds, and generally, by conveying inaccurate information regarding the soundness of investing in the MFS Funds. These failures were particularly devastating to the Plan and the participants; a vast majority of the Plan's assets were invested in shares of the MFS Funds during the Class Period and, thus, losses stemming from such investment, had an enormous impact on the value of participants' retirement assets.

103. Defendants in this Count are also liable as co-fiduciaries because (1) they knowingly participated in and knowingly undertook to conceal the failure of the other fiduciaries to provide complete and accurate information regarding MFS Funds, despite knowing of their breaches; (2) they enabled such conduct as a result of their own failure to satisfy their fiduciary duties; and (3) they had knowledge of the other fiduciaries' failures to satisfy their duty to provide only complete and accurate information to participants, yet did not make any effort to remedy the breaches.

104. Where a breach of fiduciary duty consists of, or includes, misrepresentations and omissions material to a decision by a reasonable Plan participant that results in harm to the participant, the participant is presumed as a matter of law to have relied upon such misrepresentations and omissions to her detriment. Here, the above-described statements, acts and omissions of the defendants constituted misrepresentations and omissions that were fundamentally deceptive concerning the prudence of investments in MFS Funds and were material to any reasonable person's decision about whether or not to invest or maintain any part of their invested Plan assets in MFS Funds during the Class Period. Plaintiff and the other Class members are therefore presumed to have relied to their detriment on the misleading statements, acts, and omissions of the defendants.

105. Plaintiff further contends that the Plan suffered a loss, and plaintiff and the other Class members suffered losses, by the above-described conduct of the defendants in this Count during the Class Period because that conduct fundamentally deceived plaintiff and the other Class members about the prudence of making and maintaining investments in shares of the MFS Funds.

106. Defendants in this Count were unjustly enriched by the fiduciary breaches described in this Count.

107. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan (and indirectly plaintiff and the Plan's other participants and beneficiaries) lost a significant portion of the value of its investments.

108. Pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and ERISA § 409, 29 U.S.C. § 1109(a), defendants in this Count are liable to restore the losses to the Plan caused by

their breaches of fiduciary duties alleged in this Count.

**WHEREFORE**, plaintiff prays for relief as set forth below.

### COUNT IV

### Violations of ERISA § 406 – Prohibited Transactions

109.   Plaintiff incorporates by reference all allegations of this Complaint as set forth in the paragraphs above.

110.   By virtue of all the facts and events alleged herein, MFS, in connection with its actions and omissions in authorizing and causing the Plan to continue to offer the MFS Funds during the Class Period as investment alternatives for the Plan and permitting participants to invest these investments at a time when they knew or should have known that the Company was permitting illegal timing activities to occur in the MFS Funds, and that, as a result, the prices per share at which the Plan was acquiring the MFS Funds exceeded fair market value and was more than adequate consideration for such shares, caused the Plan to engage in transactions that constituted a direct or indirect sales or exchanges of property between the Plan and a party-in-interest (MFS), in violation of ERISA §§ 406(a), 29 U.S.C. §§ 1106(a).

111.   Because the price Plan fiduciaries caused to be paid by the Plan for such shares and by participants for "participation interests" exceeded fair market value and was for more than adequate consideration, the prohibited transactions are not exempt under the provisions of ERISA § 408(e)(1), 29 U.S.C. § 1108(e)(1).

112.   At such time as MFS engaged in unlawful timing activities, the Plan invested, upon information and belief, at least millions of dollars, in the MFS Funds at prices in that exceeded fair market value and adequate consideration. The Plan and its participants paid more

than adequate consideration for their "participation interests" in the Plan.

113. Because the acquisition of shares of the MFS Funds and participation interests by the Plan and its participants for more than adequate consideration was a prohibited transaction which is a "per se" violation of ERISA §§406(a), 29 U.S.C. §§ 1106(a), under ERISA §§ 409(a) and 502(a)(2) and (3), 29 U.S.C. §§ 1109(a) and 1132(a)(2) and (3), the Court has the power to redress such violations by undoing the prohibited transaction. In the present case, the appropriate remedy would be for the Court to restore to the Plan the consideration which was paid by the Plan and its participants to acquire shares of the MFS Funds and participation interests at inflated prices and for more than adequate consideration.

114. In addition, in order to fully restore the Plan and its participants to the position they would have been in had the fiduciaries of the Plan and MFS as party-in-interest not engaged in the prohibited transactions alleged in this Complaint, the Plan is entitled to recover the amount of the contributions used to purchase shares of the MFS Funds would have earned had such amounts been instead invested in suitable investment alternatives.

**WHEREFORE**, Plaintiff prays for relief as set forth below.

## REMEDY FOR BREACHES OF FIDUCIARY DUTY

115. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) authorizes a plan participant to bring a civil action for appropriate relief under ERISA § 409, 29 U.S.C. § 1109. Section 409 requires "any person who is a fiduciary . . . who breaches any of the . . . duties imposed upon fiduciaries . . . to make good to such plan any losses to the plan . . . ." Section 409 also authorizes "such other equitable or remedial relief as the court may deem appropriate . . . ."

116. With respect to calculation of the losses to a plan, breaches of fiduciary duty result

in a presumption that, but for the breaches of fiduciary duty, the participants and beneficiaries in the plan would not have made or maintained its investments in the challenged investment and, where alternative investments were available, that the investments made or maintained in the challenged investment would have instead been made in the most profitable alternative investment available. In this way, the remedy restores the values of the plan's assets to what they would have been if the plan had been properly administered.

117.  Plaintiff and the Class are therefore entitled to relief from the defendants in the form of: (1) a monetary payment to the Plan to make good to the Plan the losses to the Plan resulting from the breaches of fiduciary duties alleged above in an amount to be proven at trial based on the principles described above, as provided by ERISA § 409(a), 29 U.S.C. § 1109(a); (2) injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §§ 409(a) and 502(a)(2-3), 29 U.S.C. §§ 1109(a) and 1132(a)(2-3); (3) reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. § 1132(g), the common fund doctrine, and other applicable law; (4) taxable costs and (5) interests on these amounts, as provided by law; and (6) such other legal or equitable relief as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for:

A.  A Declaration that the defendants, and each of them, have breached their ERISA fiduciary duties to the Participants;

B.  A Declaration that the defendants, and each of them, are not entitled to the protection of ERISA § 404(c)(1)(B), 29 U.S.C. § 1104(c)(1)(B);

C. An Order compelling the defendants to make good to the Plan all losses to the Plan resulting from defendants' breaches of their fiduciary duties, including losses to the Plan resulting from imprudent investment of the Plan's assets, and to restore to the Plan all profits the defendants made through use of the Plan's assets, and to restore to the Plan all profits which the Participants would have made if the defendants had fulfilled their fiduciary obligations;

D. Imposition a Constructive Trust on any amounts by which any defendant was unjustly enriched at the expense of the Plan as the result of breaches of fiduciary duty;

E. An Order enjoining defendants, and each of them, from any further violations of their ERISA fiduciary obligations;

F. Actual damages in the amount of any losses the Plan suffered, to be allocated among the Participants' individual accounts in proportion to the accounts' losses;

G. An Order that defendants allocate the Plan's recoveries to the accounts of all Participants who had any portion of their account balances invested in the MFS Funds maintained by the Plan in proportion to the accounts' losses attributable to the decline in the price/value of MFS Funds;

H. An Order awarding costs pursuant to 29 U.S.C. § 1132(g);

I. An Order awarding attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

J. An Order for equitable restitution and other appropriate equitable monetary relief against the defendants.

DATED: December 30, 2003

Respectfully submitted,

*/s/ Peter A. Lagorio*

**GILMAN AND PASTOR, LLP**
Peter A. Lagorio (BBO# 567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
(781) 231-7850


**SCHIFFRIN & BARROWAY, LLP**
Richard S. Schiffrin
Joseph H. Meltzer
Edward W. Ciolko
Edward W. Chang
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

**Attorneys for Plaintiff**